```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA

LOYCE WILSON,                     )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-13-093-FHS-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )
```

## REPORT AND RECOMMENDATION

Plaintiff Loyce Wilson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 28, 1957 and was 54 years old at the time of the ALJ's decision.  Claimant obtained a GED and trained as a certified medication nurse ("CMA").  Claimant has worked in the past as a CMA, dietary aide, factory worker, fiberglass lineworker, and meat market worker. Claimant alleges an inability to work beginning January 1, 2008 due to limitations

resulting from muscular dystrophy, heart problems, arthritis, fibromyalgia, a metal plate in her neck, back problems, numbness from the waist down, swelling in the knee, hips, ankles, elbows, and hands, and complications from bowels cut during a hysterectomy.

## Procedural History

On November 9, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 7, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Trace Baldwin. On October 24, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on January 19, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to find certain additional conditions as severe impairments at step two; (2) improperly rejecting the opinion of Claimant's treating physician; and (3) failing to find Claimant disabled through the application of the Grids.

**Step Two Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of mild early degenerative disc disease of the cervical spine status post fusion, mild early degenerative disc disease of the lumbar spine, mild degenerative joint disease of the left hip, fibromyalgia, rheumatoid arthritis, and coronary artery disease, status post stenting. (Tr. 15). The ALJ also found Claimant retained the RFC to perform sedentary work. In so doing, the ALJ determined Claimant could lift/carry 10 pounds occasionally and frequently, stand and/or walk for at least two hours in an 8 hour workday, and sit for at least 6 hours in an 8 hour workday. Claimant had the unlimited ability to push/pull including the operation of hand/foot controls. Claimant had no postural, manipulative, visual, communicative, or environmental limitations but she required a sit/stand option at will. (Tr. 21). After consultation with a vocational expert, the ALJ found Claimant could

5

perform the representative jobs of appointment clerk and information clerk, both of which he testified existed in sufficient numbers in the regional and national economies. (Tr. 30).

Claimant contends the ALJ should have found her mental impairments, COPD, bilateral hand arthritis, bilateral feet arthritis, migraine headaches, unstable angina, cervical radiculopathy, multiple sclerosis, and lupus constituted severe impairments. On February 16, 2010, Claimant underwent a mental diagnostic evaluation by Dr. Patricia Walz. Claimant reported significant depression and anxiety especially since the loss of her mother and sister. She reported some memory issues. Dr. Walz found her intellectual functioning to be in the low average range. Claimant's social skills were adequate. Her speech was clear and intelligible. Claimant's attention and concentration were impaired. She persisted well. Her speed of information processing was "quite slow at times." Dr. Walz diagnosed Claimant with dysthymia, generalized anxiety disorder, rule out somatoform disorder, rule out cognitive deficit secondary to multiple sclerosis. She estimated Claimant's GAF at 50-55. Dr. Walz recommended a neuropsychological evaluation. (Tr. 476-77).

A Physical Residual Functional Assessment form which is unsigned and undated in the record indicates Claimant should avoid

exposure to fumes, odors, dusts, gases, poor ventilation, etc. (Tr. 506). Claimant had previously been diagnosed with COPD. (Tr. 263-96, 538, 783).

Claimant had also been diagnosed with mild narrowing of the interphalangeal joints of the hands with no periarticular erosions or spurring. Additionally, x-rays showed mild narrowing of the interphalangeal joints of the feet with no acute fracture and no evidence of plantar calcaneal spurs. (Tr. 412-13).

Claimant was found to show signs of classic migraine headaches. (Tr. 419-21).

Claimant had also been diagnosed with unstable angina during various times. (Tr. 271-304). She has also been diagnosed with multiple sclerosis and lupus, although the evidence is somewhat conflicted as to the presence of these conditions.

Because the ALJ did find that Claimant had severe impairments, any failure to find Claimant's additional impairments severe at step two is considered harmless error because the ALJ would nevertheless be required to consider the effects of these impairments and account for them in formulating Claimant's RFC at step four. See, e.g., Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [Claimant's] impairments without regard

7

to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.'"), quoting Langley v. Barnhart, 373 F.3d 1116, 1123-24 (10th Cir. 2004) and 20 C.F.R. § 404.1523. See also Hill v. Astrue, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.' ") [emphasis in original] [citations omitted].

But here the error was not harmless, because the ALJ entirely failed to account for Claimant's mental impairments (or order a neuropsychological assessment as recommended by Dr. Walz), COPD limitations, degradation in hand and foot joints, migraine headaches, and unstable angina in assessing her RFC. See, e.g.,

Grotendorst v. Astrue, 370 Fed. Appx. 879, 884 (10th Cir. 2010) ("[O]nce the ALJ decided, without properly applying the special technique, that Ms. Gtotendorst's mental impairments were not severe, she gave those impairments no further consideration. This was reversible error."). See also Timmons v. Barnhart, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]; see also Hamby v. Astrue, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.) [unpublished opinion]. On remand, the ALJ shall consider the effects of these diagnosed conditions either alone or in combination with the other impairments upon Claimant's RFC.

**Treating Physician's Opinion**

Claimant also contends the ALJ should have recontacted Dr. George Howell, a treating physician when the ALJ admitted that the treatment notes which supported the doctor's findings on functional limitations were illegible. (Tr. 27). This Court concurs. Rather than simply rejecting the functional findings, the ALJ shall

fulfill his duty to develop the record by obtaining the basis for Dr. Howell's findings on remand.

## Application of the Grids

Claimant asserts the ALJ should have applied Medical Vocational Rule 201.14 and found him disabled. Grid Rule 201.14 applies if (1) the claimant is limited to sedentary work; (2) is of "advanced age;" (3) has a high school education or more but that does not provide for direct entry into skilled work; and (4) has previous work experience with skilled or semi-skilled jobs but those skills are not transferable. See Grid Rule 201.14, 20 C.F.R. § 404, Subpt. P, App. 2 § 201.14.

Claimant does not sufficiently explain the basis for her assertion of the application of Rule 201.14. This Court is confident, however, that the ALJ will re-examine the application of this Grid rule on remand once the totality of Claimant's impairments are considered.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED**

for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE